Argued and submitted February 21, reversed April 10, 1985

In the Matter of L.M.R., K.N.R. and
J.R., Children.

STATE ex rel JUVENILE DEPARTMENT
OF CURRY COUNTY,
*Respondent,*

*v.*

ROBINSON,
*Appellant.*

(1993; CA A31543)

698 P2d 68

Julie A. Stevens, North Bend, argued the cause and filed the brief for appellant.

Linda J. DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Mother appeals an order finding jurisdiction over her three minor children (two daughters and a son) and granting wardship to Children's Services Division. We reverse.

This case stems from episodes of sexual contact between the two daughters and a 15-year-old male babysitter who was the son of mother's close friend. Typically, on two nights each month, the babysitter and the children would all fall asleep on a hide-a-bed while watching T.V. The trial court found jurisdiction under ORS 419.476(1)(c) and (e), concluding—apparently as a matter of law—that, by allowing the children to sleep on a hide-a-bed with a 15-year-old post-pubescent male, mother was "setting them up" for child abuse.

Reviewing *de novo,* we find no evidence that mother had any actual knowledge that her daughters were being abused. The record depicts mother as a caring, responsible parent, concerned about every aspect of her children's well being. She was active in many community activities involving children. Before this incident, she had taken the children to a counselor for instruction in preventing abuse, and, when the present abuse came to light, she immediately involved them in further counseling. We are unaided by any credibility findings by the trial court. Thus, we have no basis for not believing the testimony of mother and her witnesses.

The facts simply do not establish that mother has "endangered" the welfare of her children or has failed to provide the necessary "care, guidance and protection."

Reversed.